■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. GILBERT GRADY, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered May 18, 1964, convicting him of attempted burglary in the third degree, upon his plea of guilty, and imposing sentence upon him as a second felony offender. Defendant's sole contention is that said court's order, entered April 2, 1964, which denied his motion to suppress certain evidence after a hearing (and which he brings up for review pursuant to Code Crim. Pro., § 813-c) constitutes reversible error. Order reversed, on the law and the facts, and action remitted to the Supreme Court, Queens County, Criminal Term, for a further hearing on the motion to suppress and for further proceedings in accordance herewith. Pending such further hearing and proceedings, determination of the appeal from the judgment of conviction will be withheld. Upon such new hearing all the available and relevant facts should be adduced and a determination made by the court *de novo*, stating in writing the specific facts found. Within 20 days after rendition of the trial court's decision, a supplemental printed or typewritten record, consisting of the transcript of the stenographic minutes of the new hearing and of the court's new order, decision and findings, should be filed by the District Attorney and served by him upon the defendant. Within 20 days thereafter, defendant may file with the Clerk of this court and serve upon the District Attorney a printed or typewritten supplemental brief; and within 20 days thereafter the District Attorney may file and serve a supplemental printed or typewritten brief on behalf of the People. (If the supplemental record or briefs be typewrittten, six copies are required to be filed and one copy served.) Reargument will be allowed if requested by either party within 30 days after the filing of the supplemental record. This court will proceed in due course to a determination of the appeal on the basis of the original and supplemental records and briefs. In our opinion,

there was no sufficient evidence on the hearing on the motion to suppress either to substantiate the police officer's testimony that he had received information from a reliable informer or to establish that, absent the informer's communication, probable cause existed for defendant's arrest. Hence, a further hearing should be held for the purposes specified in *People* v. *Malinsky* (15 N Y 2d 86). Beldock, P. J., Ughetta, Hill, Rabin and Benjamin, JJ., concur.